UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWIN R. MURRAY, SR, | ) | CIVIL CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| G4S SECURE INTEGRATION, LLC | ) | |
| | ) | |
| Defendant. | ) | August 21, 2018 |

## <u>NOTICE OF REMOVAL</u>

Consistent with 28 U.S.C. §§ 1332, 1441 and 1446, Defendant G4S Secure Integration, LLC respectfully submits this Notice of Removal of an action from the Superior Court J.D. of Hartford at Hartford, Connecticut. As grounds for this Notice of Removal, G4S states as follows:

1.      On July 17, 2018, Plaintiff Edwin R. Murray, Sr. ("Plaintiff") filed a Complaint in the Superior Court J.D. of Hartford, Connecticut, at Hartford ("State Court"), captioned *Edwin R. Murray, Sr v. G4S Secure Integration, LLC*, Court Docket No.: HHD-CV18-6097966-S. (**Exhibit A**). The Complaint contains a single cause of action for defamation.

2.      The Superior Court of Hartford is located within the Hartford Division of the District of Connecticut.

2.      On July 25, 2018, G4S first received the Summons and Complaint. This is the first date that G4S had notice of Plaintiff's Complaint. Accordingly, this Notice of Removal is filed within thirty (30) days of receipt of the Complaint and is timely under 28 U.S.C. § 1446.

3.      This Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1332, which provides in relevant part, that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1).

4.      This is an action with complete diversity of citizenship between Plaintiff and G4S. Plaintiff is a citizen of the state of Massachusetts. (Exhibit A at ¶ 1.)   G4S is a corporation organized under the laws of Delaware with a principal place of business in Nebraska. Thus, under 28 U.S.C. § 1332(c)(1), G4S is a citizen of Delaware and Nebraska.

6.      Venue lies in this Court, because Plaintiff's State Court action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

7.      The amount in controversy herein exceeds the sum of $75,000, exclusive of interest and costs. In accordance with Connecticut law, Plaintiff does not seek to recover a specific amount of damages.  *See* Conn. Gen. Stat. § 52-91. Despite the lack of a demand for a specific dollar amount in the Complaint, a cause of action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Daly v. United Airlines, Inc.*, 2017 U.S. Dist. LEXIS 130832, at *6 (D. Conn. 2017 Aug. 16, 2017) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553, 190 L.Ed 2d 495 (2014)).

8.      In the absence of allegations in the Complaint evidencing the amount in dispute, courts may consider demand letters to determine whether the amount exceeds the requisite jurisdictional amount. *Charity v. Am. Airlines, Inc.*, 2008 U.S. Dist. LEXIS 93861, at *1 (D. Conn. Nov. 10, 2008). On May 16, 2018, Plaintiff sent a demand of $225,000.  Here, the demand letter is three times the amount-in-controversy requirement to confer jurisdiction on this Court. Thus, while G4S denies any and all liability to Plaintiff, for purposes of ascertaining the amount in controversy, the total potential damages at issue in this case clearly exceeds $75,000.

9.      Based upon the foregoing, G4S has established by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      This action is not an action described in 28 U.S.C. § 1445.

8.      Consistent with 28 U.S.C. §§ 1446(d), **Exhibit A** constitutes all process, pleadings and orders that have been filed in the state court action.

9.      Consistent with 28 U.S.C. § 1446(d), written notice of the removal of this case (**Exhibit B**), together with a copy of this Notice of Removal with Exhibit A shall be filed with the State Court and served on Plaintiff.

WHEREFORE, G4S prays that this action be removed from the Superior Court J.D. of Hartford at Hartford, Connecticut, and requests that this Court assume full jurisdiction over the case as provided by law.

DEFENDANT,
G4S SECURE INTEGRATION, LLC

By:     */s/ Kelly M. Cardin*
Kelly M. Cardin (CT29162)
kelly.cardin@ogletree.com
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
281 Tresser Blvd., Suite 602
Stamford, CT 06901
Telephone: 203.969.3100
Facsimile: 203.969.3150

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via U.S. Mail, postage prepaid as

follows:

> Amanda M. DeMatteis, Esq.
> Garrison, Levin-Epstein, Fitzgerald & Pirrotti, P.C.
> 405 Orange Street
> New Haven, Connecticut 06511

this 21st day of August, 2018.

_____*/s/ Kelly M. Cardin*_____
Kelly M. Cardin

35290967.1

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548-2700 | August 21, 2018<br>Month Day Year |

☒ Judicial District    ☐ G.A.
☐ Housing Session    Number:

At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)*: Hartford

Case type code *(See list on page 2)*
Major: T    Minor: 50

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number (to be entered by attorney only) |
|---|---|
| Amanda M. DeMatteis, Esq. (Garrison, et al.), 405 Orange Street, New Haven, CT 06511 | 434638 |

Telephone number *(with area code)*
( 203 ) 777-4425

Signature of Plaintiff *(if self-represented)*

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.    ☒ Yes  ☐ No

E-mail address for delivery of papers under Section 10-13 *(if agreed to)*
adematteis@garrisonlaw.com

Number of Plaintiffs: 1    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: Murray, Sr., Edwin R.<br>Address: 19 Mill Road, East Longmeadow, MA 01028 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: G4S Secure Integration, LLC  /  AGENT FOR SERVICE:  Corporation Service Company<br>Address: 50 Weston Street, Hartford, CT 06120-1537 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Amanda M. DeMatteis | Date signed<br>07/17/2018 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
IN DIFFERENT PERSON

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

**RETURN DATE: AUGUST 21, 2018**

| | | |
|---|---|---|
| **EDWIN R. MURRAY, SR.** | : | **SUPERIOR COURT** |
| | : | |
| **Plaintiff,** | : | **J.D. OF HARTFORD** |
| | : | |
| **v.** | : | **AT HARTFORD** |
| | : | |
| **G4S SECURE INTEGRATION, LLC,** | : | |
| | : | |
| **Defendants.** | : | **JULY 17, 2018** |

## COMPLAINT

1.      Plaintiff Edwin R. Murray, Sr. ("Murray") is a resident of East Longmeadow, MA 01028.

2.      Defendant G4S Secure Integration ("G4S") is a foreign Delaware corporation with a business address in Hartford, Connecticut.

3.      Continually since 1996, Murray was employed by G4S. His last position was CTS Project Manager.

4.      G4S appraised Murray's performance annually. His last performance review shows the strong relationships he maintained with customers and his internal team.

5.      Besides Murray's positive performance reviews, G4S recognized him with the Ten and Twenty-Year Service Awards, the National Safety Council Superior Performance Project Award and Company Ace Award. Murray also received multiple commendations from customers for his support and service functions.

6.      On August 15, 2017, Murray was called into a meeting in the Hartford Office with Greg LaSala, Vice President, Lisa Kaiser, Vice President of Human Resources, and a gentleman named Andy.

7.      LaSala told Murray an unidentified employee(s) called the G4S's anonymous hotline alleging that Murray was belittling employees, was a racist and made sexist comments.

8.      No other employees charged Murray with similar conduct during his over 20 years of employment with G4S.

9.      Murray absolutely denied the claims and asked for a chance to rebut them.

10.     Kaiser refused to allow Murray to rebut these false accusations. Kaiser failed to take a statement from Murray, did not allow him to review any statements from alleged victims, and failed to tell him the specific claims made against him.

11.     G4S terminated Murray immediately.

12.     Contrary to practice, Murray did not receive written or verbal counseling before he was terminated.

13.     G4S adopted and ratified the wholly defamatory statements without questioning Murray on the veracity or validity of the statements.

14.     Based on Murray's long and excellent work, the claim should have been regarded with serious skepticism, and at minimum required a neutral investigation.

15.     Upon information and belief, the hotline report was made either jointly by two individuals, or by one. Both individuals had a personal financial reason to make a false report, and both were promoted shortly after doing so.

16.     The first is James Francisco. Just a few days before the defamatory report was anonymously made to the hotline, Francisco told Murray he was giving the G4S his two-week notice of resignation.

17.     Murray reported Francisco's resignation to LaSala on Monday, August 14, 2017, one day before Murray was terminated.

2

18.     Shortly after Murray's swift termination, Francisco seemingly revoked his resignation notice and was promoted from System Engineer III to Senior Systems Engineer.

19.     The second individual is Julie Gatzen.

20.     Gatzen made it clear that if a Project Manager position became available, she would be interested. Murray's termination created an opening.

21.     Gatzen got what she wanted. After Murray's termination, Gatzen was promoted from Network Control Center Manager to Operations Manager, one step closer to her desired Project Manager position.

22.     Mr. Murray's reputation has been significantly damaged. Part of G4S's ratification of the false claims is that it seems to have ordered all of its employees to have no contact whatsoever with Murray and he has now been frozen out of friendships and networking opportunities he enjoyed for years.

23.     Had the company done any investigation, it would have found, for example, that Murray's own team was extremely diverse, one of the most diverse in the region, a fact completely inconsistent with the false allegations made against him.

24.     The false statements made by the defendants were given substantial and broad publicity within the company.

25.     Had G4S investigated these alleged complaints, the investigation would have materially verified that Murray did not participate in the alleged conduct.

26.     The false statements ratified and adopted by defendant was calculated to, and did, adversely affect Murray's reputation and standing in the community, and injured him in his profession, resulting in his termination.   Murray's reputational and economic damages will continue into the future.

3

27.     The ratification and adoption of the false statements about Murray also caused him mental and emotional distress.  He was humiliated and embarrassed.  This mental and emotional distress may continue into the future.

**FIRST COUNT: DEFAMATION (as to Defendant G4S Secure Integration, LLC)**

28.     Paragraphs 1-27 are incorporated by reference in this First Count the same as if fully pleaded.

29.     After an alleged "anonymous" complaint to the G4S hotline, G4S ratified and adopted the libelous publications without an investigation.

30.     Francisco and/or Gatzen, both employees of G4S were acting in the scope of their employment and to further G4S's business when they falsely accused Murray of belittling employees, being a racist and making sexist remarks.

31.     G4S furthered this falsity by simply terminating Murray's employment, without allowing him to review alleged complaints and/or respond.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff Mr. Murray claims damages.

**RESPECTFULLY SUBMITTED,
THE PLAINTIFF**

By: _/s/ Amanda M. DeMatteis_

Joseph D. Garrison  *(Juris # 021832)*
Amanda M. DeMatteis  *(Juris # 29413)*
GARRISON, LEVIN-EPSTEIN,
        FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, CT  06511
Tel.: (203) 777-4425
Fax: (203) 776-3965
jgarrison@garrisonlaw.com
adematteis@garrisonlaw.com

**Please enter our appearances on behalf of Plaintiff.**

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
IN DIFFERENT PERSON

5

# EXHIBIT B

DOCKET NO. HHD-CV18-6097966-S        :        SUPERIOR COURT
                                     :
EDWIN R. MURRAY, SR.                 :        J.D. OF HARTFORD
                                     :        AT STAMFORD
v.                                   :
                                     :
G4S SECURE INTEGRATION, LLC          :        AUGUST 21, 2018

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    Clerk of the Court

        PLEASE TAKE NOTICE that Defendant G4S Secure Integration, LLC filed a Notice of

Removal in the United States District Court for the District of Connecticut in connection with the

above-referenced action.  Defendant certifies that Plaintiff Edwin R. Murray, Sr., through his

counsel, has been provided with a copy of this Notice and the Notice of Removal, a true and

correct copy of which is attached hereto as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), the

Superior Court of the Judicial District of Hartford shall proceed no further unless or until the

case is remanded.

                                    DEFENDANT,
                                    WATERTON RESIDENTIAL, LLC


                                    By:___/s/ Kelly M. Cardin___
                                    Kelly M. Cardin
                                    kelly.cardin@ogletree.com
                                    Ogletree, Deakins, Nash, Smoak &
                                    Stewart, P.C.
                                    281 Tresser Blvd., Suite 602
                                    Stamford, CT 06901
                                    Telephone: 203.969.3100
                                    Facsimile: 203.969.3150
                                    Juris No. 433628

                                    *Counsel for Defendant*

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that a copy of the foregoing was served via U.S. Mail, postage prepaid as

follows:

Amanda M. DeMatteis, Esq.
Garrison, Levin-Epstein, Fitzgerald & Pirrotti, P.C.
405 Orange Street
New Haven, Connecticut 06511

this 21st day of August, 2018.


_____/s/ Kelly M. Cardin_____
Kelly M. Cardin

11215914.1